IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

INDIAN GOLD, LLC; and
TIMOTHY K. SHARP, Individually                                        PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. 2:07CV00084KS-MTP

AMSTAR MORTGAGE CORPORATION;
JERRY THOMPSON,
MAGNOLIA FINANCIAL CONSULTANTS, LTD.; and
MICHAEL RAYBOURN; et al

## ORDER DENYING REMAND

This matter is before the Court on motion to remand filed on behalf of the plaintiffs. The Court having reviewed the motion, the responses, the briefs of counsel, and the authorities cited , the pleadings and exhibits on file and being fully advised in the premises finds as follows to, wit:

The plaintiffs filed their original case in the Circuit Court for the Second Judicial District of Jones County, Mississippi alleging damages from a failed loan agreement. The foreign defendants removed the case to this Court alleging that non-diverse defendants Magnolia Financial Consultants and Michael Raybourn were wrongfully joined in this matter. The plaintiffs have filed this motion to remand alleging that they have viable claims against the non-diverse defendants.

## STANDARD OF REVIEW - REMAND

The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that Court. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Village Fair Shopping Co. v. Sam Broadhead Trust, 588 F.2d 431 (5th Cir. 1979); Ray

v. Bird & Son and Asset Realization Co., Inc., 519 F.2d 1081 (5th Cir. 1975).  Even though this Court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" England v. Louisiana Medical Examiners, 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted).  Chief Justice Marshall wrote in Cohens v. Virginia, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

## WRONGFUL JOINDER

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). "The removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." Id. at 549; (emphasis added) (citing Keating v. Shell Chemical Co., 610 F.2d 328 (5th Cir. 1980); Tedder v. F.M.C. Corp. et al, 590 F.2d 115 (5th Cir. 1979); Bobby Jones Garden Apts. v. Suleski, 391 F.2d 172 (5th Cir. 1968); Parks v. New York Times Co., 308 F.2d 474 (5th Cir. 1962)(cert. denied, 376 U.S. 949, 84 S. Ct. 964, 11 L. Ed. 2d 969 (1964))). This Court must refer to the allegations made in the original pleading to determine whether the plaintiffs can make out a viable claim against the resident defendant. *See* Tedder v. F.M.C. Corp., 590 F.2d at 116; and Gray v. U. S. Fidelity and Guaranty Co., 646 F. Supp. 27, 29 (S.D. Miss. 1986).  Those allegations must be construed most favorably to the plaintiffs as the parties opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the plaintiffs. B. Inc., 663 F.2d at 549. See

also, Bobby Jones Garden Apts., 391 F.2d at 177; and Carrier v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990).   When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition testimony.  See Cavallini v. State Farms Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995).  Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined.  See Badon v. RJR Nabisco, Inc. 224 F.3d 382, 392-93 (5th Cir. 2000); and Peters v. Metropolitan Life Ins. Co., 164 F.Supp.2d 830, 834 (S.D. Miss. 2001).  Removal is proper if the plaintiffs' pleading is pierced, and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiffs might establish liability on that claim against the in-state defendant.  Badon, 224 F.3d at 390.

## THE COMPLAINT

The Complaint alleges ten counts against the defendants: (1) Breach of Duty of Good Faith and Fair Dealing; (2) Tortious Interference with Contract and Business Relations; (3) Indemnification; (4) Fraudulent Concealment of Material Facts; (5) Breach of Contract; (6) Fraudulent Inducement; (7) Promissory Fraud; (8) Civil Conspiracy; (9) Gross Negligence and (10) Unjust enrichment.

The plaintiffs allege only that Raybourn and Magnolia Financial consultants introduced them to Amstar Mortgage Corporation and provided a single follow up letter. They do not allege any contractual relationship, nor do they allege that Raybourn or Magnolia Financial Consultants benefitted from the matter.

The plaintiff can not recover under Breach of Duty of Good Faith and Fair Dealing (count I) or Breach of Contract (count V) because these counts rely on the

existence of a contract. The plaintiffs have failed to allege the existence of a contract with Raybourn or Magnolia Financial Consultants. Consequently, recovery is not possible for either of these counts.

Fraudulent Concealment (count IV), Fraudulent Inducement (count VI), Promissory Fraud (count VII), and Gross Negligence (count IX) all rely upon the allegation that Raybourn and Magnolia Financial Consultants represented that they could secure financing for Indian Gold by a specific date. This act was a promise for the future conduct of Amstar. The Mississippi courts have stated that claims for misrepresentation cannot be made on a promise of future conduct of another, but instead must be based upon a past or present fact. Moran v. Fairley, 919 So.2d 969, 973 (Miss. Ct. App. 2005); Spragins v. Suntrust Bank, 605 So.2d 777, 780 (Miss. 1992). The plaintiffs' claims are all based on a promise of a future act of a third party. There is an exception to this "where a contractual promise is made with the present intention of non-performance." Moran, 919 So.2d at 976. However, the plaintiffs have not alleged the existence of a contract with Raybourn or Magnolia Financial Consultants. As no such contract has been alleged, these claims offer no possibility of recovery.

The plaintiffs cannot recover from a claim of Tortious Interference with Contract and Business Relations (count II). "To sustain a claim for tortious interference with contract, the plaintiffs must establish that an enforceable contract existed, and that the contract would have been performed, but for the interference of the defendants." Ward v. Life Investor Ins. Co., 383 F. Supp. 2d 882, 888 (S.D. Miss. 2005)(citing Par Indus ., v. Target Container Co., 708 So. 2d 44, 48 (Miss. 1998). Here the plaintiffs have not alleged the existence of a contract, nor have they alleged conduct by Raybourn or Magnolia Financial Consultants that interfered with business relations.

The duty to Indemnify( count III) under Mississippi law "may arise from a contractual relation, from an implied contractual relation, or out of liability imposed by law." T&S Express Inc. V. Liberty Mutual Insurance Co., 847 So. 2d 270,272 (Miss. Ct. App. 2003) (quoting Bush v. City of Laurel, 215 So.2d 256, 259 (Miss. 1968). The plaintiff has failed to allege a contract or an implied contractual relationship with Raybourn or Magnolia Financial Consultants. As such, the plaintiffs cannot recover under this claim.

The plaintiffs allegations of a Civil Conspiracy (count VIII) must show an "agreement" has been made among the conspirators to acclompish wrongful or unlawful acts. Gallagher Bassett Servs., Inc. V. Jeffcoat, 887 So. 2d 777, 786-87 (Miss. 2004). The complaint does not allege or set forth any agreement between the non-diverse defendants with any of the other defendants. This claim is conclusory and cannot be recovered upon. See Priester v. Lowndes County, 354 F. 3d 414, 423 (5th Cir. 2004).

Finally, the plaintiffs claim that Raybourn and Magnolia Financial Counsultants were unjustly enriched (count X). While the complaint states that money was paid to other defendants, it does not allege that either of the non-diverse defendants ever benefitted from the matter at hand. There is no recoverable claim for unjust enrichment.

Based on the foregoing the court finds that Michael Raybourn and Magnolia Financial Consultants have been wrongfully joined in this matter to defeat the diversity jurisdiction of this court as the plaintiffs have not stated any viable claims against them.

IT IS THEREFORE ORDERED AND ADJUDGED that Michael Raybourn is dismissed as a defendant in this matter.

IT IS THEREFORE ORDERED AND ADJUDGED that Magnolia Financial Consultants is dismissed as a defendant in this matter.

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiffs motion to remand is denied.   The parties are directed to contact the office of Magistrate Judge Michael T. Parker within 10 days of the date of this order for the scheduling of a case management conference.

SO ORDERED AND ADJUDGED this the 20th day of August, 2007.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE